IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon Aquarius Keith, #272473, | ) C/A No. 0:09-1899-RBH-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| R. Abston; Thomas A. McDermott; Scott Lewis, | ) |
| Defendants. | ) |

The plaintiff, Trovon Aquarius Keith ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an currently an inmate at Lee County Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and is proceeding *in forma pauperis* under 28 U.S.C. § 1915 in this action. The Complaint names as defendants two correctional officers and a state prosecutor—all government employees.[1] The Complaint alleges that, in two separate disciplinary incidents, the SCDC supervisors reviewing the incident reports did not "drop the charges" based on the charging officers' failure to follow policy/procedure. The unrelated claim against the state prosecutor alleges he "is the only one who had authorization to tell court reporter Dixie C. Eubank what is to be omitted out of transcript," and the transcript produced for his criminal appeal was inaccurate. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating

a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

A legal action under 42 U.S.C. § 1983 permits "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Complaint presents similar allegations against Defendants Abston and Lewis, in that both reviewed separate incident reports that charged Plaintiff with prison rules infractions, and both approved the charges. The Complaint alleges that in both incidents the charging officers did not follow SCDC policy/procedure by failing to "first attempt to correct behavior immediately," and Defendants Abston and Lewis in reviewing the incident reports "overlooked" the charging officers' failure to "use immediate corrective action as stated in policy/procedure." Plaintiff states that Defendants Abston and Lewis "could have dropped the charge[s] but did not." The allegations against Defendants Abston and Lewis fail to state a violation of a right secured by the Constitution or federal law. Allegations that SCDC defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). A disciplinary action that involves a liberty interest, such as loss of good conduct time, implicates a right to due process, but Plaintiff does not allege facts that raise a due process right. Failure to follow institutional policies in this case does not implicate a constitutional right. Similarly, the allegations against Defendant Lewis also claim slander, which is a state law claim, that does not rise to the level of violation of a federal right. The Complaint fails to allege violation of a federal right and thus fails to state a claim under § 1983.

The Complaint presents separate allegations against Defendant McDermott, the state criminal prosecutor, known as solicitors in South Carolina, in Plaintiff's state criminal

trial. The Complaint alleges Defendant McDermott "told the court reporter to omit" certain hearings "held outside the presence of the jury" from the transcript of the criminal trial, so that the Court of Appeals would not would not find in Plaintiff's favor on appeal in his criminal trial. In <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." The Complaint states that Defendant McDermott "had the say so in what is to be included" in the transcript of Plaintiff's criminal trial. The Complaint's factual allegations indicate that the actions of Defendant McDermott were within the scope of his duties. Thus, the prosecutorial immunity provided Defendant McDermott provides absolute immunity from suit in this § 1983 action.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without service of process. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii-iii) (dismissal if plaintiff fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 9, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page..*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).